## 12376

### STATE v. YOUNG *ET AL.*

#### (141 S. E., 605)

1. INTOXICATING LIQUORS—EVIDENCE OF DEFENDANTS' UNLAWFUL MANUFACTURE OF LIQUOR HELD SUFFICIENT TO GO TO JURY.—Evidence *held* sufficient to require submission to jury of question of defendants' guilt of unlawfully manufacturing intoxicating liquor.

2. CRIMINAL LAW—CHARGE THAT CIRCUMSTANCES CANNOT LIE, THOUGH WITNESSES MAY, HELD NOT PREJUDICIAL, IN VIEW OF SUBSEQUENT CHARGE ON CIRCUMSTANTIAL EVIDENCE.—Statements of trial Court in charging jury that people may lie but circumstances to a sensible man cannot lie, and that if it were not for circumstantial evidence few people could be convicted, though better omitted, *held* not prejudicial to accused, in view of subsequent statement of the rule as to conviction on circumstantial evidence and of charge as a whole.

Before HENRY, J., Laurens, February, 1926. Affirmed.

Walter Young and Ernest Spearman were convicted for manufacturing intoxicating liquors, and defendant Spearman appeals.

Following are the trial Court's charge and exceptions, referred to in the opinion:

### JUDGE HENRY'S CHARGE

.This indictment is against Walter Young and Ernest Spearman, the defendants. The state of South Carolina charges them with the manufacture of intoxicating liquors. The defendants are presumed to be innocent until they are proved guilty to your satisfaction beyond all reasonable doubt. The State of South Carolina, under the law, asks the conviction of none of its citizens unless the trial Jury is satisfied by the evidence of his guilt beyond a reasonable doubt. Bear that in mind as you consider the evidence.

The charge is manufacturing intoxicating liquors, and that is a violation of the law, if proved. Manufacturing is putting the elements of raw material together, having the

appliances and the intent to carry out the manufacture, under our Court decisions. Whether the liquor is being poured from still or not, if they have the materials put together and the appliances and the intent to complete the job, that is manufacturing and that is a violation of the law in this State.

You are asked to consider in this case circumstantial evidence and reach a conclusion partly from circumstantial evidence and what other eyewitness facts as are submitted to you. Now the law says, and I say, that circumstantial evidence is as good as any other evidence. Some hold it is better than other evidence, because circumstantial evidence cannot lie. People may lie, witnesses may lie, but circumstances to a sensible man cannot lie. It depends upon his sense to reach conclusion from the circumstances. Before you can consider circumstances or circumstantial evidence, it is necessary to consider it under certain rules of law. The rules of law that govern your consideration of circumstantial evidence are these: First, each circumstance submitted must be proved to your satisfaction beyond all reasonable doubt; that is the first. Next, each one of the circumstances must be consistent with each other. And third and last, they must point so unerringly to the guilt of the defendant or defendants that you can honestly have no other reasonable conclusion from it—can reach no other reasonable conclusion. If the evidence in this case complies with these three rules, it is as good for your consideration as any other evidence. I have heard men say that they would not convict any man upon circumstantial evidence. He would convict very few people. I would look to see what kind of man that is, because you have to depend upon circumstantial evidence more often to convict the greatest rascals.

The force you give to the circumstances and the evidence is entirely with you. You cannot convict the defendants unless you are satisfied of their guilt beyond all reasonable

doubt. We do not know things, jurors do not know things, but they believe them. You must believe from the facts and circumstances to a moral certainty of the guilt of the party or parties before you can reach a verdict of guilty.

If you are persuaded by the facts and circumstances that either one of the defendants is guilty, it is your duty to write a verdict of guilty as to that one. If one is guilty and the other is not, you say, "Guilty," as to the one that is guilty, and "Not guilty" as to the one that is not guilty. If neither is guilty, say "Not guilty." Sign your name and write the word "foreman" under that.

You disregard the verdict that is heretofore written, because you are morally and legally responsible for what you do and what conclusion you reach in the case. You take the case and reach your verdict.

## EXCEPTIONS

(1) Because his Honor the trial Court erred in overruling the motion for a directed verdict made by the defendant, Ernest Spearman, through his counsel at close of State's testimony, the Court failing to consider same and failing to allow defendant's counsel to state grounds.

(2) Because his Honor the trial Court erred in overruling the motion for a directed verdict made by the defendant, Ernest Spearman through his counsel at close of all the testimony, made on grounds: (a) No evidence to show there was any liquor manufactured at the still such as would constitute manufacturing as charged in the indictment. (b) No evidence to show any connection of the defendants with the still or stilling operation or manufacture.

(3) Because his Honor the Circuit Court erred in charging as follows: "Some hold that it is better than other evidence, because circumstantial evidence can't lie. People may lie, witnesses may lie, but circumstances to a sensible

man cannot lie. It depends upon his sense to reach a conclusion from the circumstances." Same being (a) a charge on facts; and (b) too broad and strong and prejudicial to defendants, requiring modification for the particular case.

(4) Because his Honor the Circuit Court erred in charging as follows: "I have heard men say they would not convict any man upon circumstantial evidence. He would convict very few people. I would look to see what kind of man that is, because you have to depend upon circumstantial evidence more often to convict the greater rascals." Same being (a) a charge on facts; and (b) too broad and strong and prejudicial to defendants, requiring modification for the particular case.

*Mr. John C. Henry,* for appellant, cites: *"Alcoholic liquors":* Sec. 878, Crim. Code; 133 S. C., 126. *No evidence to connect defendants with still:* 120 S. C., 196. *Evidence insufficient:* 91 S. C., 267; 136 S. C., 310; 134 S. C., 227; 133 S. C., 53. *Charge on facts here:* 116 S. C., 286; 139 S. C., 544; 140 S. C., 359.

*Solicitor H. S. Blackwell,* for respondent.

February 15, 1928.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The defendants Ernest Spearman and Walter Young were indicted and convicted, in the Court of general sessions of Laurens county, on the charge of the manufacture of intoxicating liquors, and sentenced by the presiding judge, his Honor J. K. Henry, to pay a fine of $100 or serve a term in the State Penitentiary, or on the public works of Laurens County, the period of time required to be served not appearing in the record. From the verdict and sentence imposed, the defendant Ernest Spearman has appealed to this Court, and asks for a reversal of the judgment of the

lower Court on the grounds set forth under four exceptions, which will be reported.

Under the first and second exceptions, it is contended by appellant that the Court erred in not directing a verdict for the appellant, upon the ground that there was no testimony tending to show that the appellant was guilty of the crime with which he was charged in the indictment. By referring to the transcript, it appears that there was testimony to the following effect:

About the 21st of October, 1925, acting on information received, A. L. Boyd, rural policeman of Laurens County, E. M., White, sheriff of Greenwood County, F. L. Riddle, deputy sheriff, and B. W. Watkins went to the lower part of Laurens County, and on arriving there about sundown walked across a "big" branch and slipped up near a still. These officers started to inspect the still, but before completing the inspection, they heard the noise of a car approaching, and these officers, the sheriff and his party, concealed themselves nearby. The car stopped in the edge of a neighborhood road, a distance variously estimated by the witnesses for the State as being from 75 yards to 250 yards away from the still, while the statement of the defendant-appellant was to the effect that the place where the car stopped was 500 yards from the still. Two men, the defendants, were seen to get out of the car and go immediately and directly to the still. When the defendants reached the still, one of them was heard to say, "Look and see if any one has been here," and each of the defendants looked all around to ascertain if any one had been there, and seemingly being satisfied that no one had been there, they walked over to the run of the branch. On of them stood on the bank, and the other one went down into the branch (evidently meaning went down into the run of the branch), where the mash was. Then one of the defendants picked up the paddle which was used for the purpose of stirring the mash, and

just at that moment the officers closed in on the defendants
and arrested them, while one of the defendants had the
paddle in his hands which was used for stirring the mash.
The officers estimated the capacity of the still as being 50
or 60 gallons which they found, and also found a lot of
coal under the still where the still had been run, and 500
or 600 gallons of mash as well as 3 boxes of beer. When
the car stopped at the road, as above stated, the defendants
were seen to get out of the car and walk straight to the
still through the branch, and, as one of the witnesses said,
the defendants could be seen on the way coming through the
bushes, from the car to the still. The coals under the still
and the tracks around the still looked fresh, though the still
was not then connected up. The condenser was not found,
but the still was set up. On going to the car of the defend-
ants, claimed by Spearman, the defendant, the officers found
wood in the back of the car, 2 or 3 feet in length, and, also
a bucket in the car which had been used in the mash at the
still (up there, as the witness stated), which bucket had
fresh mash on it. In the testimony the defendant-appellant
stated that he resided at Ninety Six, a distance of about
8 miles from the still, that he was operating a farm within
about one-quarter of a mile of the still, and had been to his
farm on that occassion to weigh up cotton, the defendant
Young having gone with him, and was on his way back
to his home in Ninety Six, coming along this place about
"sunset." This defendant further stated as follows:

"I had seen some unusual signs where cars were going
in and out. I knew no cars traveled in there unless it was
mine. I saw a negro come out of there. I told Mr. Young,
'There is something strange about that.' Still was on
Griffin's place. After I got my load of wood we started
home. After we got down near the creek I told him, 'Let's
walk down and see if we can find anything, something is
going on that ought not to be,' and he said, 'All right.' We

walked down the branch and walked up on it. We jumped down in the branch. It was not I that picked up the paddle, I know. I had my hands under my overalls apron and didn't take them out. I didn't do a thing at all. I didn't touch a thing."

We think this sufficient to send the case to the jury and on which to base a conviction. The fact that the still was near appellant's farm, only a quarter of a mile away, according to his statement, that the car of defendant stopped on the side of the neighborhood road a long distance away from the still, estimated by state's witnesses as being from 75 yards to 250 yards, and stated by appellant to be 500 yards away, and that appellant was able to take a straight line from his car, through the bushes, to the still, and when arriving at the still being interested in trying to ascertain if any one had been at the still, get down in the run of the branch where the mash was located and picked up the paddle (at least one of the defendants picked up the paddle) used for stirring the mash, and having the paddle in his hands when the officers closed in on the defendants; then, too, the fact that it appeared that the still had been recently operated; that it was set up, though not connected with the condenser, with the mash apparently ready for use; also, that the bucket in appellant's car had mash on it, appearing to have been recently used in the mash; and, too, there was the car loaded with wood, from which the jury might infer that it was to be used at the still if the defendants had found the way clear at the still, intending to return to the car and get the wood and proceed to operate the still again at that time; we think these facts, that is, the testimony tending to establish these facts, sufficient upon which to base a conviction. These exceptions are therefore overruled.

Under the third and fourth exceptions the appellant imputes error to his Honor the presiding Judge in his charge to the jury in the use of the language

quoted under these exceptions, which exceptions will be printed in the record.

While we think it would have been better not to have used this language in charging the jury, but in view of the language of his Honor immediately following this language, stating the rule as to conviction on circumstantial evidence, and taking the charge as a whole, we do not think there was any prejudicial error. These exceptions are therefore overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER, concur.